# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL WILSON, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No.: 1:19-CV-01993 |
| vs. ) ) | Hon. Judge Andrea R. Wood |
| REDBOX AUTOMATED RETAIL, LLC, ) ) | |
| Defendant. ) | |

## DECLARATION OF CRYSTAL WILSON

I, Crystal Wilson, hereby aver, pursuant to 28 U.S.C. § 1746, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1. I am an adult over the age of 18, and a resident of the State of Nevada. I am fully competent to make this Declaration, and make such Declaration in support of Plaintiff's Opposition to Defendant's Motion to Compel Arbitration.

2. Since or about October 27, 2007 I have maintained a Redbox customer account accessible on the website Redbox.com.

3. When I initially created my Redbox customer account, I was not presented with any Terms of Use or arbitration provision, nor was I asked to accept any Terms of Use or to otherwise agree to any terms or conditions, including without limitation any arbitration provision.

4. Many times that I rented an item from Redbox I would rent it using Redbox's website and pay for the item through Redbox's website. On Redbox's website I would choose the location of the kiosk where I would pick up the rented item.

1

5. Whenever I would pick up an item from a Redbox kiosk that I rented using Redbox's website I was never presented with the screen that is attached as Exhibit 2 to the declaration accompanying Defendant's Motion to Compel. Instead, I was presented with screens identical in all material respects to those shown below.









6. Whenever I would pick up an item from a Redbox kiosk that I had rented using Defendant's website, I was never asked to Sign In into my account, and I never had to "pay" for or press any "Pay Now" button to retrieve my rented item at the kiosk, as I had already paid for such items through Defendant's website using the credit card that I had on file. Instead, as shown above, I would simply swipe the card that I had stored with Defendant and the item would dispense.

7. I have never reviewed Redbox's Terms of Use, and until the filing of Redbox's Motion to Compel Arbitration, I was unaware that Redbox's Terms of Use even existed much less that there was any arbitration provision relating to Redbox's services in such Terms of Use.

8. Whenever I signed into my account on Redbox's website I was not aware of and did not see any disclosure pertaining to the Terms of Use, any provision informing me that proceeding with a transaction would subject me to Redbox's Terms of Use, or any reference to any arbitration provision.

9. At no time while utilizing the Redbox website, including by signing into my account on Redbox.com or by making a transaction on such website, have I ever been made aware of the existence of the Terms of Use or ever consented, agreed to be bound by, or otherwise assented to the Terms of Use, any other terms or conditions, or any arbitration provision. My only intention was to sign into my account, and I was not made aware that by doing so I would be bound by anything.

10. Whenever I paid for an item for rental at one of Redbox's kiosks, as opposed to paying for the rental through Redbox's website and later retrieving it from a kiosk, I was not made aware of, and did not see any reference to, the Terms of Use, and thus did not consent, agree to be bound by, or otherwise assent to the Terms of Use or to any other terms or conditions in the course of proceeding with a transaction or paying for an item.

4

11. Whenever I used one of Redbox's kiosks I did not consent to, agree to be bound by, or otherwise assent to any of Redbox's Terms of Use, any other terms or conditions, or any arbitration provision. My only intention was to complete my transaction and pick up my rented item, and there was nothing that was presented to me on the kiosk screens that made me believe I was doing anything other than just that.

12. I do not recall having ever received an email for Redbox in November 2016 containing any reference to an amendment that was made to the Terms of Use, and do not recall having ever having opened or reviewed any such email. To the extent I did receive such an email, I would have had no reason to believe that any amendment to the Terms of Use referenced in that email would apply to me because I had never entered into the Terms of Use when I created my Redbox.com account in the first place.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Las Vegas, Nevada on June 4, 2019.

_____
Crystal Wilson

5